

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SHERRY N. GLOVER**
*Assistant Corporation Counsel*
phone: (212) 356-0896
email: shglove@law.nyc.gov

April 29, 2021

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re: C.O. v. New York City Department of Education
            21 CV 39 (PGG)

Dear Judge Gardephe:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, James E. Johnson, assigned to represent Defendant New York City Department of Education ("DOE") in the above-referenced matter. Pursuant to the Court's Order, dated January 6, 2021 (Dkt. No. 5), I write on behalf of all parties to: (i) submit the *Civil Case Management Plan*; and (ii) respectfully request that the Court adjourn the **May 6, 2021 (10:00 am)** pretrial conference *sine die* to enable the parties to engage in settlement negotiations.

**Statement of Case**

      On January 4, 2021, Plaintiff commenced this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* (Dkt. No. 1) Plaintiff's Complaint seeks DOE's compliance with the terms of an Impartial Hearing Officer's Findings of Fact and Decision, dated January 5, 2020, which ordered DOE to provide compensatory educational services, conduct assessments and fund evaluations for minor student I.E. Plaintiff further seeks attorneys' fees, costs and expenses for legal work completed on the underlying administrative hearing and the instant action.

      On March 26, 2021, Defendant filed its Answer to the Complaint. (Dkt. No. 10) Since the filing of the Complaint, the parties have been working to resolve the implementation issues and have made significant progress. The parties are in agreement as to how to proceed

with the remaining implementation issues. Thus, the sole issue to be determined in this matter is whether Plaintiff's attorneys' fees are reasonable.

**Prospect of Settlement**

Although the parties are optimistic that this matter may be resolved via a negotiated settlement, the parties have not yet commenced settlement negotiations. Plaintiff's counsel recently provided my office billing records for the underlying administrative proceeding and this action. My office requires additional time to review these records and request settlement authority from the New York City Comptroller's Office. The parties desire to continue to work in good faith to resolve this matter. If the parties reach a point in settlement negotiations where they believe that a conference before a Magistrate Judge will aid and advance settlement discussions, the parties wish to write to the Court.

**Motion Practice**

In the event that settlement is unsuccessful, this matter should proceed to motion practice. As this matter is based upon the underlying administrative proceeding and applicable billing records,[1] motions for summary judgment are appropriate. Such motions will address the reasonableness of Plaintiff's attorney fees. Pursuant to Your Honor's Individual Practices, the parties propose that Plaintiff submit a pre-motion conference letter on August 26, 2021, and that Defendant submit its opposition letter on August 31, 2021.

Based on the foregoing, the parties believe that a pretrial conference at this juncture may be unproductive. Thus, we respectfully submit the *Civil Case Management Plan* and respectfully request that the Court adjourn the May 6, 2021 initial conference *sine die*.

Thank you for your consideration of this matter.

Respectfully yours,

*/s/ Sherry N. Glover*
SHERRY N. GLOVER
Assistant Corporation Counsel

Cc: Erin Murray, Esq. (via ECF)

---

[1] There will be no discovery in this matter. Any anticipated evidence is available to both parties (i.e., the administrative record) and Plaintiff's counsel has already exchanged applicable billing records, upon which this matter is now based.